JEFFREY D. WOHL (Cal. State Bar No. 96838)
NILAN JOHNSON LEWIS PA
398 Primrose Road, Suite 225
Burlingame, California  94010
Telephone: (650) 437-7042
Facsimile: (612) 305-7501
jwohl@nilanjohnson.com

Attorneys for Defendant Target Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA DIXON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. _____<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Declaration of Jeffrey D. Wohl in Support of Defendant Target Corporation's Notice of Removal (including Exhibits A–E), Civil Cover Sheet and Defendant's Corporate Disclosure Statement]<br><br>Complaint filed:   January 20, 2026<br>Trial date:        Not set |

To the Clerk of Court and plaintiff Andrea Dixon (appearing *pro se*):

**PLEASE TAKE NOTICE** that defendant Target Corporation ("Target") hereby removes this matter from the Superior Court of California, County of Sacramento (the "Superior Court"), to this Court pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446. Target invokes this Court's original jurisdiction (federal question) and supplemental jurisdiction under 28 U.S.C. sections 1331 and 1367(a), respectively. Target submits this notice of removal without waiving any defenses to the claims asserted by plaintiff, without conceding plaintiff has pleaded claims upon which relief can be granted, and without admitting any of plaintiff's allegations or that plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

In support of its Notice of Removal, Target shows as follows:

### PROCEDURAL BACKGROUND

1. On January 20, 2026, plaintiff filed her complaint in the Superior Court, captioned "*Andrea Dixon v. Target Corporation and Does 1-50, inclusive*, No. 26CV001122" (the "Action"). Attached to the Declaration of Jeffrey D. Wohl in Support of Defendant Target Corporation's Notice of Removal ("Wohl Declaration" or "Wohl Decl.") as Exhibits A and B are true copies of the complaint filed in the Action and the summons accompanying the complaint. (Wohl Decl., ¶ 2.)

2. On January 20, 2026, the Superior Court issued its Notice of Civil Home Court Assignment and Case Management Conference (Unlimited Civil Case), which set a case management conference in the action for September 29, 2026. (Wohl Decl., ¶ 3, Ex. C.)

3. On January 23, 2026, Target was served with the complaint and the summons. On January 30, 2026, plaintiff filed in the Superior Court a Proof of Service of Summons. (Wohl Decl., ¶ 4, Exhibit D.)

4. On February 19, 2026, Target served on plaintiff and filed in the Superior Court its answer to the Complaint. (Wohl Decl., ¶ 5, Exhibit E.)

5. Target is informed and believes, and on that basis asserts, that no other defendant in this action (*i.e.*, Does 1–50, inclusive) has been properly joined and served as provided in 28 U.S.C. section 1446(b)(2). (Wohl Decl., ¶ 6.)

6. Target is informed and believes, and on that basis asserts, that currently there are no cases

NOTICE OF REMOVAL
U.S.D.C., E.D. Cal., No. _____

4904-4566-8752

related to the Action and there are no identifiable interested parties other than plaintiff and Target. (Wohl Decl., ¶ 7.)

7.      Exhibits A, B, C, D, and E to the Wohl Declaration comprise all the pleadings, orders and other papers in the Action that have been served on Target or filed with the Superior Court as of the date of the filing of this notice of removal. (Wohl Decl., ¶ 8.)

## THE REMOVAL IS TIMELY

8.      Under the law, removal to federal court must be timely, meaning a notice of removal must be filed no later than "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

9.      This notice of removal is filed within 30 days after Target was served with the complaint and summons, and therefore is timely.

## THE COURT HAS JURISDICTION OVER THE ACTION

10.     Plaintiff's complaint asserts three causes of action: (1) Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA") (based on plaintiff's military and veteran status); (2) Retaliation in Violation of FEHA (based on plaintiff's performance of military service and right to military leave); and (3) Violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") (allegations pertaining to plaintiff's non-reinstatement and/or separation of employment). (*Id.*)

11.     Under 28 U.S.C. section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12.     Because plaintiff's complaint asserts a claim under USERRA (Third Cause of Action), the Court has original jurisdiction over this Action because it arises under the laws of the United States. *See* 28 U.S.C. § 1331; 38 U.S.C. § 4301, *et seq.*

13.     The Court also can and should exercise supplemental jurisdiction over plaintiff's remaining state law claims—her First and Second Causes of Action—because they are so related to her federal USERRA claim that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Each of Plaintiff's FEHA claims—like her federal claim—relate to allegations of discriminatory or

4904-4566-8752

retaliatory conduct in plaintiff's employment, specifically allegations pertaining her military/veteran status, military-related leave, and reinstatement rights following military leave.

14.    Because the Court may exercise original or supplemental jurisdiction over each of plaintiff's claims, this action is removeable to this Court under 28 U.S.C. section 1441(a).

**VENUE**

15.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, plaintiff brought this action in the Superior Court. Thus, venue properly lies in this Court in its Sacramento Division.

**NOTICE TO SUPERIOR COURT**

16.    Target will promptly serve this Notice of Removal on plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior Court, as required by 28 U.S.C. § 1446(d).

**CONCLUSION**

17.    Based on the foregoing, Target removes the Action to this Court. If any question arises as to the propriety of the removal, Target respectfully requests the opportunity to present a brief, further evidence, and oral argument in support of this removal.

Dated: February 20, 2026.          JEFFREY D. WOHL
                                   NILAN JOHNSON LEWIS PA


By:    _s/ Jeffrey D. Wohl_
                                         Jeffrey D. Wohl
                                   Attorneys for Defendant Target Corporation

4904-4566-8752