UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREA DIXON,

Plaintiff,

v.

TARGET CORPORATION,

Defendant.

Case No.  2:26-cv-0526-DC-JDP (PS)

INITIAL PRETRIAL SCHEDULING ORDER

This case was before the court April 23, 2026, for an initial pretrial scheduling conference. After hearing and review of the parties' joint status report, ECF No. 10, the court hereby enters the following scheduling order:

**SERVICE OF PROCESS**

Service of process is undisputed.

**JOINDER OF PARTIES AND AMENDMENTS TO PLEADINGS**

Any motions or stipulations requesting leave to amend the pleadings must be filed no later than **July 1, 2026**.  After that date, no further joinder of parties or amendments to pleadings will be permitted except with leave of court, which will be given only upon a finding of good cause. *See* Fed. R. Civ. P. 16(b).

**JURISDICTION AND VENUE**

Jurisdiction and venue are not disputed.

1

**DISCOVERY**

All discovery shall be completed by **March 25, 2027**.  In this context, "completed" means that all discovery shall have been conducted; all depositions shall have been taken; any disputes relative to discovery shall have been resolved by appropriate order, if necessary; and the relevant parties shall have complied with any orders relating to discovery.  Motions to compel discovery shall be noticed on the undersigned's law and motion calendar in accordance with the local rules and shall be heard not later than **March 4, 2027**.  The parties are advised that they must comply with the undersigned's procedures for civil matters—which require, *inter alia*, an informal discovery conference with the undersigned—before the court will consider a discovery motion.[1] The parties shall serve Rule 26(a) disclosures by no later than **May 7, 2026**.

**EXPERT DISCLOSURE**

The parties shall designate in writing, and shall serve upon all other parties, the names of any experts whom they propose to tender at trial in accordance with the following schedule: initial expert disclosures shall be served on or before **January 21, 2027**, and any rebuttal disclosures shall be served on or before **February 11, 2027**.  The designation shall be accompanied by a written report that complies with Federal Rule of Civil Procedure 26(a)(2).

An expert witness not disclosed in accordance with this schedule will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time disclosure was required; (b) the court and all other parties were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to exclusion of the expert's testimony or other appropriate sanctions.

All experts are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Testimony regarding late-disclosed opinions that should have been reasonably available at the time of designation will not be permitted.

---

[1] A copy of the undersigned's procedures is available on the court's website.

## MOTION HEARING SCHEDULES

All dispositive motions shall be completed—that is, fully heard—by **May 27, 2027**. The parties are cautioned that they must comply with the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. A non-moving party shall file with the court an opposition or statement of non-opposition to any properly noticed motion no later than fourteen days after the motion's filing. *See* E.D. Cal. L.R. 230(c). Any reply by the moving party shall be filed with the court no later than ten days after the opposition's filing. *See* E.D. Cal. L.R. 230(d). Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty-five pages in length; reply briefs shall not exceed fifteen pages. This paragraph does not preclude motions for continuances, temporary restraining orders, or other emergency applications.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to a party after examining the legal issues and facts that an issue can be resolved by pretrial motion, the party shall file the appropriate motion by the dispositive motion cutoff set forth above.

All purely legal issues are to be resolved by timely pretrial motion. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. The parties are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions in limine at the time of trial.

## FURTHER SCHEDULING

A final pretrial conference will be set before the assigned district judge after the resolution of any dispositive motions or, if no dispositive motions are filed, after the passage of the dispositive motion deadline. A trial date will be determined at the final pretrial conference, and the parties should be prepared to confirm a trial date within 60 to 120 days from the date of the pretrial conference.

**SETTLEMENT CONFERENCE**

If the parties believe that an early settlement conference may be helpful in resolving the case, they may contact Judge Peterson's Courtroom Deputy, Nic Cannarozzi, to request that one be scheduled.

IT IS SO ORDERED.


Dated:    April 23, 2026      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE